IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**TRINA WRIGHT,**

    **Plaintiff,**

                                                    Civil Action 2:12-cv-112
       **v.**                                 Judge George C. Smith
                                                   Magistrate Judge Elizabeth P. Deavers


**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**


**OPINION AND ORDER**

Plaintiff, Trina Wright, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income.  This matter is before the Court for consideration of the February 26, 2013 Report and Recommendation of the United States Magistrate Judge (ECF No. 18), Plaintiff's Objections to the Report and Recommendation (ECF No. 19), and the Commissioner's Response to Plaintiff's Objections (ECF No. 20).  For the reasons that follow, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.  Accordingly, the Commissioner's decision is **AFFIRMED**.

**I.**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.

R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner or agency] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II.

In her Objections, Plaintiff challenges the Magistrate Judge's analysis of the ALJ's consideration of Dr. Kahn's assessment.  She also challenges the Magistrate Judge's conclusion that substantial evidence supported the ALJ's finding that Plaintiff failed to exhibit "deficits in

adaptive functioning" as required under the diagnostic description for mental retardation. Finally, Plaintiff asserts that the Magistrate Judge erroneously determined that the ALJ did not commit reversible error when he explicitly adopted and incorporated portions of his December 2009 opinion.  Plaintiff maintains that the ALJ's incorporation deprived her of being able to logically follow the evaluation of her claim.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge.  The Court finds that the Magistrate Judge correctly analyzed and concluded that the ALJ did not err in his treatment of Dr. Kahn's assessment.  Plaintiff's reliance on the Global Assessment of Functioning ("GAF") scores of other physicians to conclude the ALJ should have adopted Dr. Kahn's assessment is unpersuasive.  A GAF score represents a "snapshot" of a person's "overall psychological functioning" at or near the time of the evaluation.  *See Martin v. Comm'r*, 61 F. App'x 191, 194 n.2 (6th Cir. 2003); *see also* DSM-IV-TR at 32–34.  "As such, a GAF assessment is isolated to a relatively brief period of time, rather than being significantly probative of a person's ability to perform mental work activities on a full-time basis." *Arnold v. Astrue*, No. 10-cv-13, 2010 WL 5812957, at *8 (S.D. Ohio Oct. 7, 2010).  Further, "the Commissioner has declined to endorse the GAF score for use in the Social Security and SSI disability programs, and has indicated that GAF scores have no direct correlation to the severity requirements of the mental disorders listings." *Kennedy v. Astrue,* 247 F. App'x 761, 766 (6th Cir. 2007) (internal quotation marks and citations omitted). Nor does the other evidence Plaintiff cites require the conclusion that the ALJ should have accepted Dr. Kahn's opinion.  The Court agrees with the Magistrate Judge that the ALJ proffered

good reasons for rejecting Dr. Kahn's opinions and that substantial evidence supports his stated reasons.

Plaintiff's second objection also lacks merit.  Notably, Plaintiff does not challenge the Magistrate Judge's conclusion that Plaintiff failed to meet her burden under Listing 12.05(C) to establish that she suffered from subaverage intellectual functioning before age twenty-two.  As the Magistrate Judge reasoned:

> Significantly, no psychologist or physician has diagnosed Plaintiff with mental retardation.  *See Cooper v. Comm'r of Soc. Sec.*, 217 F. App'x 450, 452 (6th Cir. 2007) (finding the absence of any mental retardation diagnosis to be a relevant consideration).  Rather, in 2006, treating psychiatrist Dr. Learmonth noted that Plaintiff "shows an average level of intelligence, knowledge, and vocabulary."  (R. at 314.)  Indeed, Plaintiff's childhood IQ tests show that she obtained a verbal IQ score of 101, a performance IQ score of 87, and a full scale IQ score of 93.  (R. at 325.)  Dr. Swearingen, who placed Plaintiff's level of cognitive abilities as in the borderline range, opined that this degree of impairment "may not be an accurate portrayal of her true intellectual functioning."  (R. at 341.)  He explained that "[i]n the past, [Plaintiff] obtained her GED and was never in special education classes in school."  (*Id.*)  Consistently, state-agency psychologists, Drs. Finnerty and Waddell, diagnosed Plaintiff with borderline intellectual functioning and explicitly found that Plaintiff did *not* meet the diagnostic criteria for mental retardation.  (R. at 353, 512.)  Finally, as the ALJ noted, even Dr. Tilley, the only medical source to assess an IQ score within the range specified in Listing 12.05(C), declined to diagnose mental retardation, instead assessing Plaintiff's intellectual functioning as within the borderline range.  (R. at 66, 494.)

(Feb. 26, 2013 Report & Rec. 21–22.)  This finding alone requires the conclusion that Plaintiff did not satisfy Listing 12.05(C).  Regardless, the Court finds no error with the Magistrate Judge's conclusion that substantial evidence supports the ALJ's finding that Plaintiff failed to exhibit "deficits in adaptive functioning" as required under the diagnostic description for mental retardation.  The Magistrate Judge reasoned as follows:

> The ALJ found no marked limitations in any of the areas of functioning. In support of his findings, the ALJ noted that Plaintiff was able serve as the sole parental caregiver to her two children, prepare simple meals for her family, clean her residence, shop for food and other necessities, maintain a friendship and dating relationship, handle household finances, provide childcare for her infant granddaughter, and take online classes in psychology. (R. at 69, 340.) The record also reflects that Plaintiff earned her GED and a certification as an office systems specialist. (*Id.*)

(*Id*. at 22.)  The Court agrees with the Magistrate Judge that the ALJ considered whether Plaintiff satisfied Listing 12.05(C) and reasonably concluded that she had failed to demonstrate that she satisfied the diagnostic description.

Plaintiff's last objection also lacks merit.  Plaintiff offers no authority to support her assertion that an ALJ's explicit incorporation/adoption of portions of a prior opinion by reference constitutes reversible error.  Certainly, this Court would find reversible error if the ALJ had ignored the Appeals Council's directives to further develop the record as instructed.  That, however, is not what happened here.  Rather, within his decision, after setting forth the case's procedural history, the ALJ identified each of the specific areas that the Appeals Council had ordered him to further develop.  He then stated:

> Except where otherwise noted and/or corrected (pursuant to the Appeals Council's Order) throughout this decision, the evidence, testimony, and analysis set forth in the prior decision (Exhibit 3A) are hereby adopted and incorporated herein by reference. The analysis set forth in this decision is directed towards considering any new and material evidence that the claimant has submitted since the date of the July 2009 hearing and resolving the deficiencies of the prior decision pursuant to the Appeals Council's Order.

(R. at 9–10.)  In her Statement of Errors, Plaintiff only implicitly raised this contention of error as follows: "Finally, [the ALJ] completely fails to address what, if any, weight is given to the opinion of Dr. Tilley, although the ultimate unfavorable decision suggests that he did not give it

weight." (Pl.'s Statement of Errors 14, ECF No. 12.)  The Magistrate Judge addressed this contention of error as follows:

> The Undersigned finds Plaintiff's usupported declaration that the ALJ's failure to assess and weigh Dr. Tilley's findings renders her unable to fully understand the ALJ's decision and deprives this Court of its ability to review the decision unpersuasive for a number of reasons.  First, the ALJ *did* discuss Dr. Tilley's opinion and the weight he assigned it in great detail in his September 2009 opinion, which he adopted and incorporated by reference into his January 2011 opinion.  (R. at 9-10, 66, 73.)  Second, Dr. Tilley, who was one of several consultative examiners, is not a treating source whose opinions are subject to *Wilson*'s reason-giving requirements.  *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) (quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)) ("While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that: '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'").  Finally, the Undersigned finds no error in the ALJ's assessment of Dr. Tilley's opinion.

(Feb. 26, 2013 Report & Rec. 21–22.)  The Court finds the Magistrate Judge's analysis and conclusion with regards to this issue to be correct and overrules Plaintiff's final objection.

### III.

In sum, having conducted a *de novo* review, the Court finds Plaintiff's Objections to be without merit and the reasoning and analysis of the Magistrate Judge to be correct.  Accordingly, Plaintiff's Objections (ECF No. 19) are **OVERRULED**; the Report and Recommendation (ECF No. 18) is **ADOPTED**; and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**